**NOT FOR PUBLICATION**

AUG 03 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL M. CARNEY,

      Plaintiff - Appellant,

  v.

BANK OF AMERICA CORP., et al.,

      Defendants - Appellees.

No. 11-56421

D.C. No.
8:11-cv-00571-CJC-MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted July 11, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.[**]

      Plaintiff-Appellant Michael M. Carney appeals the district court's order

denying his application for a preliminary injunction after finding that he could not

demonstrate a likelihood of success on the merits. We review the district court's

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Timothy M. Burgess, United States District Judge for
the District of Alaska, sitting by designation.

decision for abuse of discretion. *See, e.g.*, *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

In order to obtain a preliminary injunction, a party must show that it: (1) is likely to succeed on the merits; (2) is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A party seeking a preliminary injunction must make "a clear showing" that it is entitled to such an "extraordinary and drastic remedy." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis omitted).

This action centers around an unfavorable home mortgage refinancing transaction that Carney entered into with Bondcorp Realty Services, Inc. ("Bondcorp") in 2005.[1] Carney has asserted claims against the Appellees, who later acquired interests in the mortgage, for: (1) civil conspiracy; (2) wrongful foreclosure and cancellation of the foreclosure documents; (3) violation of the California Unfair Competition Law ("UCL"); and (4) cancellation of the Deed of Trust and Adjustable Rate Note. The district court did not abuse its discretion in

---

[1] Bondcorp is a named defendant in the underlying action, but has not made an appearance and is not a party to this appeal.

finding that Carney did not make a clear showing that he is likely to succeed on the merits of any of his claims

First, to prevail on a claim for civil conspiracy under California law, a plaintiff must submit evidence showing actual knowledge or participation in the underlying offense. *See Kidron v. Movie Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 758 (Ct. App. 1995). Carney did not submit any evidence showing that the Appellees had actual knowledge of, or participated in, the alleged underlying conduct here.

Second, regardless of whether the tender rule or prejudice requirement applies, Carney did not establish that the balance of the equities tip in his favor for his wrongful foreclosure claim. Carney conceded that the injunction he seeks would only postpone foreclosure by twenty additional days. *See* Cal. Civ. Code §§ 2924f(b)(1), 2924.8(a). Carney also admitted at oral argument that, as he has been unable or unwilling to make any payments on his mortgage in over two years, there is no reason to believe that he will be able to pay off the loan, or even cure the default, with an additional twenty days.

Third, Carney did not show that he is likely to succeed on his UCL claim because it appears to be time barred and he did not show any basis for applying the doctrine of equitable tolling. Any UCL claim must be filed within four years of

accrual. Cal. Bus. Prof. Code § 17208. Equitable tolling may apply in "extraordinary" or "extreme" cases where it would be unfair or unjust to allow the statute of limitations to bar a plaintiff's claim. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006). Here, Carney admits that at the time of the closing, he knew both the terms of his mortgage and that Countrywide was involved. Thus, at that time, he presumptively knew the facts that his claims are based upon and there is nothing unfair about applying the statute of limitations here.

Fourth, for similar reasons, Carney did not show that he is likely to prevail on his claim for cancellation of the Deed of Trust and Adjustable Rate Note. He knew the terms of his mortgage at the time that he agreed to it and he has not yet made a clear showing that Bondcorp fraudulently concealed facts and made misrepresentations to him warranting cancellation of those instruments.

**AFFIRMED.**